**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANDREW PASQUALE CHAFFER,
            *Petitioner-Appellant,*

            v.

K. PROSPER; BILL LOCKYER,
Attorney General,
            *Respondents-Appellees.*

No. 07-16853

D.C. No.
CV-06-00950-LKK
Eastern District
of California,
Sacramento

ORDER
CERTIFYING
QUESTIONS TO
THE CALIFORNIA
SUPREME COURT

Filed September 2, 2008

Before: Diarmuid F. O'Scannlain and Barry G. Silverman,
Circuit Judges, and James K. Singleton,*
Senior District Judge.

---

**ORDER**

We certify to the California Supreme Court the questions set forth in Part III of this order.

All further proceedings in this case are stayed pending receipt of the answer to the certified question. This case is withdrawn from submission until further order of this court. If the California Supreme Court accepts the certified question for answer, the parties shall file a joint report six months after

---

*The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

12425

date of acceptance and every six months thereafter advising us of the status of the proceedings.

I

Pursuant to Rule 8.548 of the California Rules of Court, a panel of the United States Court of Appeals for the Ninth Circuit, before which this appeal is pending, certifies to the California Supreme Court questions of law concerning the timeliness of a California inmate's petition for writ of habeas corpus, in light of the decision of the Supreme Court of the United States in *Evans v. Chavis*, 546 U.S. 189 (2006). The decisions of the Courts of Appeal of the State of California provide no controlling precedent regarding the certified questions, the answer to which may be determinative of this appeal. We respectfully request that the California Supreme Court answer the certified questions presented below. Our phrasing of the issue is not meant to restrict the court's consideration of the case. We agree to follow the answer provided by the California Supreme Court. If the Supreme Court declines certification, we will resolve the issue according to our perception of California law.

II

The caption of the case is:

No. 07-16853

ANDREW PASQUALE CHAFFER,

Petitioner - Appellant,

v.

K. PROSPER; BILL LOCKYER,

Respondents - Appellees.

Counsel for the parties are as follows:

For Petitioner-Appellant: Timothy J. Foley, Assistant Federal Defender, 801 I Street, 3rd Floor, Sacramento, CA 95814.

For Respondents-Appellees: Edmund G. Brown, Jr., Attorney General of the State of California; Dane R. Gillette, Chief Assistant Attorney General; Michael P. Farrell, Senior Assistant Attorney General; Brian G. Smiley, Supervising Deputy Attorney General; David Andrew Eldridge, Deputy Attorney General, 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244.

## III

The questions of law to be answered are:

1.  When is a state habeas petition timely filed in California courts; does the term "substantial delay," as described in *In re Stankewitz*, 40 Cal. 3d 391, 396-97 n.1 (1985), mean *any* delay that exceeds 60 days after the denial of a habeas petition by another state court, as suggested by *Chavis*, 546 U.S. at 200-01?

2.  If either Chaffer's state habeas petition before the California Court of Appeal or his state habeas petition before the California Supreme Court was "substantially delayed," was the delay justified?

## IV

The statement of facts is as follows:

## A

On September 30, 2002, Chaffer was convicted in California state court of two counts of corporal injury to a spouse and sentenced to eight years in state prison. The California Court of Appeal affirmed the conviction on September 2, 2003. The California Supreme Court denied Chaffer's petition for

review without explanation on November 25, 2003. Chaffer did not file a petition for certiorari in the United States Supreme Court. The parties concede that Chaffer's conviction became final on February 23, 2004, which was 90 days after the California Supreme Court denied Chaffer's petition for review. *See Bowden v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999).

On February 17, 2005, 359 days after his conviction became final, Chaffer filed a petition for habeas corpus relief in California state trial court. The trial court denied the petition on June 15, 2005.[1]

B

On October 9, 2005, 115 days after the denial of his first state habeas petition, Chaffer filed a second petition in the California Court of Appeal. As Chaffer concedes, his second petition was virtually identical to his first state habeas petition, but for the addition of "some minor modifications." Chaffer provides three explanations for the delay.

First, Chaffer contends that the 115-day delay is justified because, on July 28, 2005, an inmate law clerk who had assisted him in preparing his postconviction petitions was transferred to a new detention facility. Chaffer needed approximately two business days to relocate the materials relevant to his case, which had been stored by the transferred clerk in the prison law library. Chaffer thereafter relied on the assistance of another inmate which, he represents, caused the additional delay in filing his second state habeas petition.

---

[1]Chaffer explains that the 359-day delay was caused by a conflict of interest with his attorney, discovered shortly after his conviction became final. We note, however, that the reasonableness of such delay is not at issue in this case; the parties solely dispute the reasonableness of the delays preceding the filing of Chaffer's second and third state habeas petitions.

Second, Chaffer points to alleged deficiencies in the prison law library as justifying the delay. He alleges that the prison law library was missing: one volume of the Lawyer's Edition 2d of the United States Supreme Court Reports from 2000; two volumes of the California Reporter 2d from 2003 and 1996; one volume of the Federal Supplement 2d from 2004; one volume of the Federal Reporter 3d from 2004; one volume of Shepard's Federal Supplement from 1995; one volume of Shepard's Federal Reporter from 1995; and all volumes of Shepard's California Citations. Chaffer also alleges that the prison library used a "cumbersome ordering system" and that "inmates are still learning how to navigate." However, Chaffer does not specifically assert how the alleged deficiencies in the library actually caused the 115-day filing delay.[2]

Third, Chaffer argues that the delay was justified by his reliance on our opinion in *Saffold v. Carey*, 312 F.3d 1031 (9th Cir. 2002). There, we held that a state habeas petition was timely despite a 4½ month filing delay, in light of the California Supreme Court's having denied the petition "on the merits and for lack of diligence." *Id*. at 1032-33, 1035-36. Chaffer states that he believed that *Saffold* held that a 4½ month filing delay is *per se* reasonable under California law.

The California Court of Appeal denied the petition without explanation on October 27, 2005.

---

[2]We also note that Chaffer's allegations largely are controverted in a declaration provided by Sherry Phearson, the librarian at Chaffer's prison. Phearson represented that, during all times relevant in this appeal, the prison library "has had either in its own stores or available to it within one or two days of request a complete set of up-to-date primary legal resources." Phearson also stated that, following "a diligent search of the library access logs," "at no time has Mr. Chaffer accessed the [prison] [l]ibrary in [her] tenure." The district court did not render factfinding as to the alleged deficiencies in the prison law library or as to Chaffer's use of the prison law library. However, for the reasons discussed *infra* in Section V.B.2, we believe that certification nevertheless is warranted.

C

On February 6, 2006, 101 days following the denial of his second habeas petition by the California Court of Appeal, Chaffer filed a third state habeas petition in the California Supreme Court. Whereas Chaffer's prior two state habeas petitions were approximately 60 pages in length, his third state habeas petition was 27 pages and thus substantially was reworked. Chaffer explains the 101-day delay by noting that he lacked both counsel and a formal legal education, by pointing to the alleged deficiencies in the prison law library discussed *supra*, and by arguing again that he relied on our holding in *Saffold*, 312 F.3d 1031.

The California Supreme Court denied the petition without explanation on October 25, 2006.

D

On May 1, 2006, prior to the denial of his third state habeas petition, Chaffer filed a petition for habeas corpus relief in federal district court. On June 26, 2006, Prosper filed a motion to dismiss on the ground that Chaffer's habeas petition was untimely under AEDPA's one-year statute of limitations due to the delay prior to the filing of his second and third state habeas petitions. On July 26, 2006, Chaffer filed a memorandum in opposition to the motion to dismiss, arguing that the delays were justified by alleged deficiencies in the prison law library, as well as the disruption that was caused by the transfer of the prison law clerk who had been assisting him.

On March 14, 2007, a federal magistrate judge entered a Findings and Recommendations, which recommended that the district court grant Prosper's motion to dismiss. The Findings and Recommendations did not address Chaffer's claims concerning the prison library's alleged deficiencies. The magistrate judge concluded that the transfer of the prison law clerk

did not justify the filing delay underlying Chaffer's state habeas petition before the California Court of Appeal, noting,

> This situation is not analogous to a lawyer refusing to return transcripts and the like to a client. A client has certain reasonable expectations of a licensed attorney and, generally, reasonably relies on that attorney client relationship in the course of the representation. While a fellow prisoner may have been assisting petitioner, he was representing himself. He therefore controlled his legal materials, and his poor choice in relinquishing so much control over them that they were temporarily lost by a fellow prisoner is not a fact which weighs in his favor.

On August 16, 2007, the district court adopted and affirmed the Findings and Recommendations, without an opinion.

V

We respectfully submit that the questions presented in Section III need certification for the following reasons:

A

Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). However, § 2244(d)(2) provides an exception to such requirement for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

"The time that an application for state postconviction review is 'pending' includes the period between (1) a lower

court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Chavis*, 546 U.S. at 191 (citing *Saffold*, 536 U.S. 214) (emphasis omitted). Thus, the interval between the final adjudication of a state habeas petition and the timely filing of a notice of appeal is tolled in calculating whether a federal habeas petition is timely. *See Saffold*, 536 U.S. at 219-21.

"In most States a statute sets out the number of days for filing a timely notice of appeal," but California "has a special system governing appeals when prisoners seek relief on collateral review," under which a petitioner may file either a "petition for rehearing" or a separate state habeas petition, the latter of which must be filed within a "reasonable time." *Id.* (citing *In re Harris*, 5 Cal. 4th 813, 828, n. 7 (1993)); *see In re Crockett*, 159 Cal. App. 4th 751, 757 (Cal. Ct. App. 2008) ("A petitioner seeking relief on habeas corpus need only file a petition without substantial delay, or if delayed, adequately explain the delay.").

However, the Supreme Court has observed that "California's collateral review process functions very much like that of other States, but for the fact that its timeliness rule is indeterminate," *Carey*, 536 U.S. at 222, such that "California's 'reasonable time' standard [does] not lead to filing delays substantially longer than those in States with determinate timeliness rules," *Chavis*, 546 U.S. at 201. The Supreme Court therefore has held that, when tasked with determining whether a habeas petition filed in California court was timely, we must "simply . . . ask and [ ] decide whether the state prisoner made the relevant filing within a reasonable time," while bearing in mind that California's "reasonableness" standard does not vary significantly from determinate filing systems. *Chavis*, 546 U.S. at 199-200.

Although the Supreme Court did not explicitly hold as much, the State of California argues that *Chavis* infers that

under California law a filing delay beyond 60 days is "substantial," and that a petitioner bears the burden of establishing the reasonableness of such a delay. However, the Supreme Court qualified its holding in *Chavis* by noting that "California, of course, remains free to tell us if, in this respect, we were wrong," and that "California courts themselves might alleviate the problem by clarifying the scope of the words 'reasonable time.' " *Id*. Since *Chavis* was decided, California law has not clarified whether a filing delay greater than 60 days necessarily qualifies as "substantial." Accordingly, while we must faithfully apply the Supreme Court's decision in *Evans*, we seek certification in part so that the California Supreme Court can assess whether the two filing delays in this case—each more than 100 days in length—qualify as "substantial delays" under California law.[3]

B

If the delays in this case were "substantial," then we also ask the California Supreme Court for guidance in determining whether Chaffer sufficiently has justified them. Because Chaffer filed habeas petitions in the California Court of Appeal and in the California Supreme Court, the "reasonableness" standard controls whether such petitions were timely. *See Saffold*, 536 U.S. at 221. If either petition was untimely, then Chaffer's federal habeas petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), in light of the 359-day delay that preceded the filing of his first state habeas petition. As noted, Chaffer proffers four justifications for the delays; we believe that certification is warranted in addressing three such claims.

1

First, Chaffer argues that the delays should be excused

---

[3]We note that California has a separate set of procedures for capital cases, which are only relevant to this case by analogy. *See In re Clark*, 5 Cal. 4th 750, 782-83 (1993).

because "California courts commonly forgive substantial delays involving an incarcerated petitioner of limited education, proceeding without an attorney, who is attempting to challenge a conviction or sentence." Chaffer cites in support to a string of California decisions relying in part on such factors in deeming a state habeas petition timely. *See Ex parte James*, 38 Cal. 2d 302, 309 (1952) ("[B]ecause of his ignorance, petitioner did not realize that he had any grounds for attacking the judgment until long after the time for appeal had expired."); *see also In re Saunders*, 2 Cal. 3d 1033, 1041 (1970) (holding that a delay was reasonable because of "petitioner's allegations that he had only a ninth grade education and was without experience or education in the law," among other reasons); *In re Moss*, 175 Cal. App. 3d 913, 922 (Cal. Ct. App. 1985) ("[T]he delay was attributable to Moss' inability to secure appellate counsel."); *In re Spears*, 157 Cal. App. 3d 1203, 1208 (Cal. Ct. App. 1984) (holding that "petitioner has adequately explained his delay as attributable to his lack of capacity to represent himself . . . and the scarcity of channels through which legal assistance is available to indigent prisoners").

However, such decisions do not shed light on whether a petitioner may justify a substantial filing delay merely based on his *pro se* status or lack of a formal legal education, or whether a petitioner instead must articulate the specific reasons that such factors actually caused the delay. *See, e.g., id.* Chaffer arguably provides such an explanation regarding the delay preceding his second habeas petition, in light of the transfer of the prison law clerk who had been assisting him in preparing his postconviction materials. However, Chaffer provides no similar explanation for the delay preceding his third state habeas petition. Accordingly, we ask the California Supreme Court to clarify whether the mere fact that a petitioner filed his state habeas petitions *pro se* justifies a substantial delay.

## 2

Similarly, Chaffer argues that various alleged deficiencies in his prison law library justifies the delays in filing his state habeas petitions. However, Chaffer again provides no explanation for how such deficiencies actually caused the delays. Accordingly, we ask the California Supreme Court to clarify whether the mere fact that a prison library is out of compliance with governing law may justify a substantial delay, absent an adequate explanation of how such deficiencies actually caused the relevant delay.

## 3

As noted, Chaffer argues that the relevant delays were justified by his belief that, under *Saffold*, 312 F.3d 1031, a filing delay of up to 4½ months was *per se* reasonable. However, such was a misreading of our holding in that case. In *Saffold*, we explicitly noted that we "ha[d] not been asked to provide any bright-line rule for determining what constitutes 'unreasonable' delay under California's indeterminate timeliness standard." *Id.* at 1036 n.1. Moreover, the facts of *Saffold* are materially distinguishable: there, we determined "whether the California Supreme Court's order denying [Saffold's] habeas corpus petition both 'on the merits and for lack of diligence' means that his petition before that court was untimely," whereas here the California Supreme Court did not state that it denied Chaffer's habeas petition "on the merits" or "for lack of diligence." *See id.* at 1032-33. Accordingly, we are satisfied that our opinion in *Saffold* could not be relied upon for the broad proposition that a 4½ month delay always is permitted under California law.[4]

---

[4]Chaffer's reliance on *Harris v. Carter*, 515 F.3d 1051 (9th Cir. 2008), is unavailing. There, we applied equitable tolling of the 28 U.S.C. § 2244 statute of limitations, where a petitioner relied in good faith on Ninth Circuit precedent that was later overturned by the Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). *See id.* at 1052. This case is distinguishable, as here Chaffer allegedly relied on a *misunderstanding* of our precedent, rather than on a correct reading of our caselaw that was later overturned.

We recognize, of course, that California law nevertheless may deem a substantial filing delay justified on the ground that a *pro se* petitioner reasonably and in good faith relied on a misreading of our precedent. Because there is no precedent on point, we ask the California Supreme Court to clarify whether a *pro se* petitioner's misunderstanding of law may justify a substantial filing delay.

C

The malleability of California's indeterminate timeliness rule certainly is a boon for state habeas petitioners, who otherwise would be required to adhere to unbending deadlines regardless of their individual circumstances. However, in the interest of ensuring the proper application of California law in assessing the timeliness of federal habeas petitions under 28 U.S.C. § 2244(d)—a frequently recurring issue in this Court —we certify the foregoing questions to the California Supreme Court in the hope that their resolution may shed greater light on when a state habeas petition is timely filed and if not, when it is "substantially delayed," and on the contours of a sufficient justification of such a delay.

VI

The Clerk of Court is hereby directed to transmit forthwith to the California Supreme Court, under official seal of the Ninth Circuit, a copy of this order and request for certification and all relevant briefs and excerpts of record pursuant to California Rule of Court 8.548.

IT IS SO ORDERED.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.