MEMORANDUM **
Walter Costa appeals the dismissal of his untimely habeas corpus petition. His appeal raises multiple arguments for why equitable tolling of AEDPA’s statute of limitations is warranted. We affirm.
To be entitled to equitable tolling, Costa must show “(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.” Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). The extraordinary circumstance needs to have been both beyond his control and the but-for and proximate cause of his petition’s untimeliness. Roy v. Lampert, 465 F.3d 964, 969 (9th Cir.2006).
Costa’s petition challenges Arizona convictions. Costa, however, is currently imprisoned in California for crimes he committed and was convicted of after skipping bail in Arizona. He argues that a lack of Arizona legal materials in the California jail, plus a possible reliance on pre-Pace law, caused him to think “he had tolled the federal statute of limitations when he continued to aggressively seek review of his *191 state law claims.” More specifically, Costa argues that because he cited Nino v. Galaza, 183 F.3d 1003 (9th Cir.1999), before the district court, “if one is to assume [he] had some access to Federal legal materials,” but did not have access to Arizona law, he “might have thought that he had tolled the federal statute of limitations.”
Our review of the record confirms that Costa’s reliance on pre-Pace law or California law is at best a mere possibility. This is insufficient to satisfy his burden of showing that he “relied in good faith on ... circuit precedent in making [a] tactical decision to delay filing a federal habeas petition” rather than “fail[ed] to file a timely petition [because] ... of oversight, miscalculation, or negligence.” Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir.2008). As a result, he is not entitled to equitable tolling. See also Chaffer v. Prosper, 542 F.3d 662, 667 n. 4 (9th Cir.2008) (stating that Harris is distinguishable where the petitioner “relied on a misunderstanding of ... precedent”).
Costa also raises several uncertified issues in support of his claim for equitable tolling. To broaden the certificate of ap-pealability, Costa needs to show that “ ‘the issues [he is raising] are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.’ ” Mendez v. Knowles, 556 F.3d 757, 770-71 (9th Cir.2009) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), superseded on other grounds by 28 U.S.C. § 2253(c)(2)) (alterations omitted). Because the uncertified issues Costa raises clearly lack merit, we decline to broaden the certificate of ap-pealability to include them. See Mendez, 556 F.3d at 771.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.