**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANDREW PASQUALE CHAFFER,
　　　　　*Petitioner-Appellant,*

　　　　　v.

K. PROSPER; EDMUND G. BROWN,
JR.,* Attorney General,
　　　　　*Respondents-Appellees.*

No. 07-16853

D.C. No.
CV-06-00950-LKK

ORDER AND
OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Argued and Submitted
August 14, 2008—San Francisco, California
Submission Withdrawn September 2, 2008
Resubmitted September 1, 2009

Filed January 19, 2010

Before: Diarmuid F. O'Scannlain and Barry G. Silverman,
Circuit Judges, and James K. Singleton,**
Senior District Judge.

Per Curiam Opinion

---

　　*Edmund G. Brown, Jr. is substituted for his predecessor, Bill Lockyer, as Attorney General of the State of California, pursuant to Fed. R. App. P. 43(c)(2).

　　**The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

**COUNSEL**

Timothy J. Foley, Sacramento, California, argued the cause for the appellant and filed briefs. With him on the briefs was Daniel J. Broderick.

David Andrew Eldridge, Deputy Attorney General, Sacramento, California, argued the cause for the appellees and filed a brief. With him on the brief were Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, and Brian G. Smiley, Supervising Deputy Attorney General.

**ORDER**

Appellees' request to publish the unpublished memorandum disposition is GRANTED. The memorandum disposition filed September 18, 2009, is modified by changing <known to the parties> to <set forth in *Chaffer v. Prosper*, 542 F.3d 662,

663-65 (9th Cir. 2008),>. So modified, the memorandum disposition is redesignated as a per curiam opinion and is filed concurrently herewith.

The panel has unanimously voted to deny the petition for rehearing. Judges O'Scannlain and Silverman have voted to deny the petition for rehearing en banc, and Judge Singleton so recommends. The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on it. Fed. R. App. P. 35(b). The petition for rehearing and the petition for rehearing en banc are DENIED.

No subsequent petitions for rehearing or rehearing en banc may be filed.

---

**OPINION**

PER CURIAM:

Chaffer appeals from the district court's dismissal of his federal habeas petition for failure to comply with the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d)(1). We review de novo whether the statute of limitations should be tolled. *Townsend v. Knowles*, 562 F.3d 1200, 1204 (9th Cir. 2009). The facts are set forth in *Chaffer v. Prosper*, 542 F.3d 662, 663-65 (9th Cir. 2008), and need not be repeated here except as necessary.

I

Chaffer argues that he is entitled to statutory tolling for the 115-day gap between the denial of his first habeas petition in the Lassen County Superior Court and the filing of his second habeas petition in the California Court of Appeal, as well as for the 101-day gap between the denial of his second habeas

petition and the filing of his third habeas petition in the California Supreme Court. *Id.* § 2244(d)(2).

**[1]** Under California's indeterminate timeliness rule, "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he c[an] count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans v. Chavis,* 546 U.S. 189, 193 (2006). Until the California Supreme Court indicates otherwise, we "operate[ ] *on the assumption* that California law . . . [does] not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard [does] not lead to filing delays substantially longer than those in States with determinate timeliness rules." *Id.* at 198.[1]

**[2]** Because Chaffer's filing delays were substantially longer than the "30 to 60 days" that "most States" allow for filing petitions, and Chaffer's petitions offered no justification for the delays as required under California law, *In re Swain*, 209 P.2d 793, 795-96 (Cal. 1949)), we fail to see how "*unexplained* delay[s] of this magnitude could fall within the scope of the federal statutory word 'pending,' " *Evans*, 546 U.S. at 201 (emphasis added); *see also Waldrip v. Hall*, 548 F.3d 729, 734-35 (9th Cir. 2008). Chaffer is therefore not entitled to statutory tolling.

## II

**[3]** Chaffer also argues that equitable tolling can save his federal habeas petition from untimeliness. A petitioner seek-

---

[1] California has not provided any guidance as to what constitutes a timely non-capital habeas petition. *See King v. LaMarque*, 464 F.3d 963, 966 (9th Cir. 2006). The Supreme Court has suggested that we "seek guidance on the matter by certifying a question to the California Supreme Court in an appropriate case." *Evans*, 546 U.S. at 199. We did so, *Chaffer v. Prosper*, 542 F.3d 662 (9th Cir. 2008), but the court denied certification, *Chaffer v. Prosper*, No. S166400 (filed Mar. 11, 2009).

ing equitable tolling bears the heavy burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

A

**[4]** Chaffer alleges that his pro se status, a prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy to attend to his petitions justified the delay; however, these circumstances are hardly extraordinary given the vicissitudes of prison life, and there is no indication in the record that they made it "impossible" for him to file on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

While denial of access to legal files may in some cases constitute "the type of external impediment for which we [grant] equitable tolling," *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009), Chaffer's allegations are insufficient. First, "he entrusted [his inmate law clerk] with his legal documents at his peril." *United States v. Cicero*, 214 F.3d 199, 205 (D.C. Cir. 2000). Second, although he alleges that he lacked access to his files the entire time his inmate law clerk was working on his petition, he "does not point to specific instances where he needed a particular document . . . and could not have procured that particular document when needed." *Waldron-Ramsey*, 556 F.3d at 1013-14. Even crediting his assertion that he lacked access to his files for 46 days, rather than the 4 days post-transfer as supported by the record, tolling the entire period still makes his federal filing too late because he needs all but six days tolled.

Chaffer's mistaken reliance on *Saffold v. Carey*, 312 F.3d 1031 (9th Cir. 2003), as creating a bright-line rule for timeliness of California habeas petitions is also unavailing. *Harris v. Carter*, 515 F.3d 1051 (9th Cir. 2008), is distinguishable, as there the petitioner relied on a correct reading of then-

current case law, whereas here Chaffer relied on a misunderstanding. Furthermore, *Harris* held that equitable tolling applies "in the rare case where a petitioner relies on our legally erroneous holding in determining when to file a *federal* habeas petition." *Id.* at 1057 (emphasis added). Here Chaffer relied on *Saffold* in determining when to file his *state* habeas petitions.

**[5]** Because Chaffer cannot point to any extraordinary circumstances that prevented him from timely filing, he is not entitled to equitable tolling.

## B

**[6]** Chaffer has also failed to show that he has been diligently pursuing his rights. He claims that he "did everything in [his] power" to file his habeas petitions on time, yet, tellingly, he does not controvert the prison librarian's declaration that, according to access logs and her own recollection, he *never* ventured into the prison library between October 2004 and August 2006. Indeed, he fails to make any specific "alleg-[ation] what [he] did to pursue [his] claims and complain about [his] situation[ ]." *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006). While he asserts that he relied on "whatever volunteer assistance [he] could find" to file in a "timely and diligent manner," the "fact that an inmate law clerk was assisting in drafting the state petition does not relieve [him] from the personal responsibility of complying with the law." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Consequently, Chaffer has not made the requisite showing of diligence to warrant equitable tolling.

## III

For the foregoing reasons, the judgment of the district court dismissing Chaffer's habeas petition as untimely is

AFFIRMED.