**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS LUA, | No. 08-16783 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-00213-WBS-JFM |
| v. | |
| MICHAEL MARTEL, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted February 8, 2010[**]
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Jesus Lua appeals the district court's dismissal of his 28 U.S.C. § 2254

habeas petition as untimely.  Lua argues the court should toll the statute of

limitation from January 12 to June 8, 2006 -- the period of time between the denial

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of Lua's third state habeas petition and the filing of his fourth. We review de novo, Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003), and we affirm.

The one-year statute of limitation contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA") is subject to both statutory and equitable tolling. Habeas petitioners are entitled to statutory tolling of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This section also allows for interval tolling between state habeas petitions, but only if the next petition is timely under state law. Carey v. Saffold, 536 U.S. 214, 225 (2002).

Under California law, Lua was required to file his fourth petition within a reasonable time of the denial of his third. He did not. Instead, he waited nearly five months to file his fourth petition, making that petition untimely. See Evans v. Chavis, 546 U.S. 189, 201 (2006) (holding that delay of six months was unreasonable under California law); Chaffer v. Prosper, ___ F.3d ___, 2010 WL 157488, *1 (9th Cir. Jan. 19, 2010) (per curiam) (holding that gaps of 115 days and 100 days rendered California state habeas petitions untimely). Therefore, Lua is not entitled to statutory tolling of the relevant time period under § 2244(d)(2).

Neither is Lua entitled to equitable tolling. Equitable tolling "is unavailable in most cases," and "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations omitted). A habeas petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented a timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Contrary to Lua's assertions, the law was clear as early as 2002 that an untimely state petition would preclude statutory tolling. Carey, 536 U.S. at 225. Because Lua did not rely to his detriment on precedent that was later overruled, Harris v. Carter, 515 F.3d 1051, 1057 (9th Cir. 2008), does not apply.

The prison's alleged practice of restricting access to the law library also does not warrant equitable tolling. Lua does not allege he was ever denied access to the library, and in fact acknowledges that he had such access for one six-hour day per week. Moreover, Lua has not shown that he acted diligently -- he has "fail[ed] to make any specific allegation" indicating "what he did to pursue his claims and complain about" the alleged access problem. Chaffer, 2010 WL 157488 at *2 (internal quotation omitted).

3

Finally, the fact that Lua was proceeding pro se, without more, is not enough to support the application of equitable tolling. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006). The district court properly dismissed Lua's § 2254 petition as untimely.

AFFIRMED.