**NOT FOR PUBLICATION**

MAR 02 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNARD TAYLOR, | No. 09-16172 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-02253-WBS |
| v. | |
| K. DICKINSON, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

California state prisoner Bernard Taylor appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have

jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

JC/Research

Taylor contends he is entitled to statutory tolling for the time that elapsed between the denial of his habeas petition in the Sacramento Superior Court and the filing of his habeas petition in the California Supreme Court. This contention lacks merit. *See Evans v. Chavis*, 546 U.S. 189, 201 (2006); *Chaffer v. Prosper*, No. 07-16853, 2010 WL 157488, at *1 (9th Cir. Jan. 19, 2010) (per curiam).

Next, Taylor contends that he is entitled to equitable tolling because his mental illness affected his ability to file his federal habeas petition on time. The district court did not clearly err in finding that mental incompetence did not prevent Taylor from filing a timely habeas petition. *See Laws v. Lamarque*, 351 F.3d 919, 922-23 (9th Cir. 2003) (stating that equitable tolling is available only where a petitioner's mental incompetence somehow made filing a timely habeas petition impossible). Taylor further contends that during the limitations period he lost the legal assistance of a fellow inmate and that he also lost his legal paperwork. This allegation fails to satisfy the standard required for the extraordinary relief of equitable tolling. *See Chaffer*, 2010 WL 157488, at *2.

Finally, Taylor contends the district court erred by failing to hold an evidentiary hearing to determine whether he was entitled to equitable tolling. This contention fails. *See Tapia v. Roe*, 189 F.3d 1052, 1056 (9th Cir. 1999).

**AFFIRMED.**