**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN JEROME PULLUM, | No. 07-56093 |
| Petitioner - Appellant, | D.C. No. CV-06-02846-MMM |
| v. | |
| T. FELKER, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted May 5, 2010**
Pasadena, California

Before: NOONAN, CLIFTON and BYBEE, Circuit Judges.

Kevin Pullum appeals the denial of his federal petition for habeas corpus,

which the district court found untimely. He filed his federal petition almost three

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

years after his conviction became final but contends that either statutory or equitable tolling made his petition timely. We affirm.

We review the decision to deny a petition for habeas corpus de novo. *See Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005). We review the factual findings underlying the district court's decision, such as the determinations of when Pullum filed his state petition and appeal, for clear error. *See id.*

The district court's determinations that Pullum filed his Superior Court petition on April 4, 2004, and filed his petition with the California Court of Appeal on October 4, 2004, were not clearly erroneous. Those dates are consistent with the prison's mail log and the state court's records, and the alternative dates that Pullum puts forward for both filings appear to be supported by fabricated evidence. We affirm the factual findings that Pullum had 51 days left to file a federal petition when he filed his state petition, and that he allowed 173 days to elapse between the denial of the first petition and the filing of the second.

The question we must answer is whether a California court would determine that Pullum's petition to the Court of Appeal was filed within a reasonable time. If so, the federal limitation period was tolled. *See Evans v. Chavis*, 546 U.S. 189, 193 (2006). The Supreme Court has suggested that a six-month delay may be unreasonable per se, and we have held that a delay shorter than Pullum's was

2

unreasonable. *See id.* at 201, *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). We conclude that his petition to the Court of Appeal was not filed within a reasonable time, so the federal limitations period was not tolled. As a result, Pullum's time for filing a petition in federal court ran out long before he filed it.

Pullum also argues that equitable tolling should render his federal petition timely. That remedy would require findings "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Chaffer*, 592 F.3d at 1048. Pullum's long delay in filing his state petition undermines the first element. He has failed to provide sufficient support for the second, and his filing of several petitions despite the obstacles he alleges undermines that proposition. He does not "point to specific instances where he needed a particular document . . . and could not have procured that particular document when needed." *Id.* at 1049 (omission in original) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013–14 (9th Cir. 2009)).

Pullum contends that we should remand for an evidentiary hearing for the district court to reexamine the filing dates and prison conditions. But unlike the cases Pullum cites, here there was ample evidence for the district court to reach the conclusions that it did. *Cf. Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) ("We do not agree with the district court that there are no circumstances

3

consistent with petitioner's petition and declaration under which he would be entitled to . . . equitable tolling."); *Miller v. Sumner*, 872 F.2d 287, 289 (9th Cir. 1989) ("We have no record of when Miller delivered the notice of appeal to prison authorities.").

**AFFIRMED.**