**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY LYNN NORWOOD, | No. 07-55044 |
| Petitioner - Appellant, | D.C. No. CV-99-07315-SVW |
| v. | |
| BILL LOCKYER, Attorney General, | MEMORANDUM[*] |
| Respondent - Appellee, | |
| WILLIAM SULLIVAN, et al., | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted August 2, 2010[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: RYMER, KLEINFELD,<sup>***</sup> and GRABER, Circuit Judges.

Gregory Lynn Norwood appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We deferred submission pending a response by the California Supreme Court to our request for certification in *Chaffer v. Prosper*, 542 F.3d 662 (9th Cir. 2008) (order) (*Chaffer I*), and issuance of the mandate in *Waldrip v. Hall*, 548 F.3d 729 (9th Cir. 2008), *cert. denied*, 130 S. Ct. 2415 (2010). As both events have now happened, and the parties have furnished supplemental briefs, we resubmit the case. We affirm.

Whether Norwood is entitled to "gap tolling" follows from our decision in *Chaffer v. Prosper*, 592 F.3d 1046 (9th Cir. 2010) (per curiam) (*Chaffer II*). The delay here, 181 days (or even a few days less, as Norwood claimed in district court), is far more than the period most states allow; also, his petitions offered no persuasive justification for the delay. *Chaffer II*, 592 F.3d at 1048; *see also Waldrip*, 548 F.3d at 731.

Nor is Norwood entitled to equitable tolling. He failed to carry his "heavy burden" of showing diligence and some extraordinary circumstance that stood in

<sup>***</sup> The Honorable Ann Aldrich was originally a member of this panel. She died prior to circulation of this memorandum disposition and, pursuant to General Order 3.2(g), Judge Kleinfeld was drawn as replacement. Judge Kleinfeld was provided the briefs and other materials received by the other members of the panel.

the way.  *Chaffer II*, 592 F.3d at 1048.  He offered no explanation for delay when filing in the California Court of Appeal, even though required by that court to do so, and subsequent explanations (limited law library access, being moved to different cells, temporary lockdowns) do not show circumstances that are out of the ordinary for prison life or that would have made it "impossible" to file on time.  *Id.* at 1049; *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).  We need not decide Norwood's alternative contention based on California's indeterminate standard, as he was not diligent in any event.  *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir.), *cert. denied*, 130 S. Ct. 244 (2009).  And, as in *Chaffer II*, Norwood shows no basis for equitably tolling the time for filing his federal petition based on his reading of California's timeliness rules.  *See* 592 F.3d at 1049.

To the extent Norwood argues that the state waived the statute of limitations and the district court abused its discretion in allowing the state to pursue it, we disagree.  Even if the issue is within the certificate of appealability, Norwood points to nothing in the record suggesting that the state intelligently or strategically waived the issue such that the district court lacked discretion to consider it.  *See Day v. McDonough*, 547 U.S. 198, 202, 211 (2006).  Likewise, the state made no pertinent concession.  Further, the state did not waive the defense by failing to re-

3

raise it until after *Evans v. Chavis*, 546 U.S. 189 (2006), was decided. *See Waldrip*, 548 F.3d at 733.

Finally, we see no reason why the district court should have held an evidentiary hearing, *see id*. at 737, or why the timeliness questions in this case should be certified to the California Supreme Court. That was already done in *Chaffer I*, and the supreme court made its position clear.

AFFIRMED.