**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JOSE SANTOS MENDOZA, | No. 08-17225 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01757-GEB-GGH |
| v. | |
| M. D. MCDONALD, Chief Deputy Warden and ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted November 16, 2011[**]
San Francisco, California

Before: NOONAN and BEA, Circuit Judges, and WALTER, Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for Western Louisiana, sitting by designation.

Jose Santos Mendoza appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for untimeliness. He argues for both statutory and equitable tolling of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2244(d).

Mendoza is not entitled to statutory tolling because there were such long periods of unexplained delay between his state habeas filings that they cannot be excused from the year-long limitations period. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010).

Mendoza also is not entitled to equitable tolling because he does not provide specific allegations showing that he made diligent efforts to pursue his federal petition during the period between December 13, 2006, the date the California Supreme Court denied his state habeas petition, and August 28, 2007, the date he filed the federal habeas petition. *See Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). Mendoza does not explain how he was able to prepare several state filings, despite the language barrier and other impediments, but had inadequate access to legal materials to prepare his federal petition.

We therefore hold that Mendoza is not entitled to statutory or equitable tolling to render his petition timely. The district court's dismissal of Mendoza's petition for untimeliness is **AFFIRMED**.