**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM WOLFE,

           Petitioner - Appellant,

  v.

JOHANNA SMITH, Warden, ISCI,

           Respondent - Appellee.

No. 11-35229

D.C. No. 1:09-cv-00533-REB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding

Submitted March 9, 2012[**]
Portland, Oregon

Before: W. FLETCHER, FISHER, and BYBEE, Circuit Judges.

William Wolfe appeals the district court's dismissal of his 28 U.S.C. § 2254

petition. We have jurisdiction under 28 U.S.C. § 1291 and § 2253, and we affirm.

Wolfe's federal habeas petition was due in April of 1997 under the one-year

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"grace period" after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir. 2001). He did not file this action until 2009. Wolfe argues that his petition should be considered timely under the doctrines of equitable estoppel and equitable tolling because the state withheld his legal materials from him until May of 1997.[1] We review de novo. *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010).

Even assuming that withholding Wolfe's legal materials from him constituted affirmative misconduct or an extraordinary circumstance beyond Wolfe's control, the state's misconduct tolled the statute of limitations only as long as that conduct endured. *NLRB v. Don Burgess Constr. Corp.*, 596 F.2d 378, 383 (9th Cir. 1979) ("[F]raudulent concealment tolls a statute of limitations only for as long as the concealment endures."); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) ("Under long-established principles, petitioner's lack of diligence precludes equity's operation.").

Wolfe also argues that the state engaged in continuing misconduct sufficient to toll the statute for the entire period because prison employees told him at least three times that the deadline for filing his petition had expired, without mentioning the doctrines of equitable tolling or estoppel. However, the state cannot be faulted

---

[1] In *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), the Supreme Court held that equitable tolling is available in AEDPA cases.

for failing to inform Wolfe of the existence of legal arguments that hypothetically could have helped him; the burden of due diligence was on Wolfe. When Wolfe turned over his materials to a prison law clerk, it did not relieve him of his "personal responsibility of complying with the law." *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (internal quotation marks omitted).

**AFFIRMED.**