**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD M. ALVA, | No. 12-56855 |
| Petitioner - Appellant, | D.C. No. 2:11-CV-03408-MMM-JPR |
| v. | |
| TIMOTHY E. BUSBY, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted October 6, 2014[**]
San Francisco, California

Before: THOMAS, Chief Judge, and D.W. NELSON and LEAVY, Circuit Judges.

Petitioner-Appellant Richard M. Alva appeals the district court's judgment

dismissing his 28 U.S.C. § 2254 habeas corpus petition as time-barred. Alva

argues his petition was timely because he is entitled to equitable tolling for the time

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

he was on administrative segregation, or "C-Status." We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The district court did not err in dismissing Alva's petition as time-barred. AEDPA sets a one-year statute of limitations for filing a federal habeas petition seeking relief from a state court judgment. 28 U.S.C. § 2244(d)(1). For Alva, the statute of limitations was triggered on March 11, 2009. The one-year statute of limitations is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 649 (2010), and statutory tolling while state court habeas petitions are "pending" in state court, 28 U.S.C. § 2244(d)(2). Assuming that Alva is entitled to statutory tolling for the entire period his state court petitions were pending, his federal petition was still filed four days late.

Alva argues these four days should be equitably tolled because he was suffering from a mental impairment and did not have access to the law library for the 90 days he was on C-Status.

Alva submitted a declaration stating his petition was delayed because he suffered from distress and hypoglycemia which caused confusion and difficulty thinking. To qualify for equitable tolling based on a mental impairment, Alva must show that the impairment was so severe that (1) he was unable personally to understand the need to file timely; and (2) under the totality of the circumstances it

2

was impossible for him to meet the filing deadline, despite his diligence. *Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010). Alva does not meet the *Bills* standard because he only claims his confusion made it difficult for him to find assistance from another inmate with filing the petition, he does not claim that he did not understand the need to file timely, or that his mental condition made it impossible for him to prepare the petition personally. *See Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (no tolling for delay caused by unavailable inmate helpers).

Alva also argues that he is entitled to equitable tolling because he lacked access to the law library while he was on C-Status. C-status prisoners are allowed out of their cells for an hour-and-a-half per day during which the prisoner can choose between showering, going to the yard, or going to the law library. "Ordinary prison limitations on [Alva's] access to the law library," such as those imposed during administrative segregation, typically do not constitute an extraordinary circumstance. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009).

Alva does not explain how limited access to the library affected his ability to prepare the petition timely, and he was in fact able to file his petition while he was still on C-Status. Although Alva claims the limited library and yard access impeded his efforts to find assistance from another inmate, he does not claim that

3

he personally was unable to prepare the petition in a timely manner for any reason aside from his lack of understanding of the law. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Under these circumstances, equitable tolling is not warranted.

The district court did not err in dismissing Alva's petition as time-barred.

**AFFIRMED.**