**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REX B. CRUSE,

               Petitioner - Appellant,

  v.

SCOTT RUSSELL,

               Respondent - Appellee.

No. 15-35290

D.C. No. 2:14-cv-01118-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

    Washington state prisoner Rex B. Cruse appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition as time barred. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, *see Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009), and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cruse contends that he is entitled to equitable tolling in light of his reliance on erroneous third-party legal advice, pro se status, limited access to legal materials in his prison's law library, and lack of "fair notice" that the statute of limitations was running. "A petitioner seeking equitable tolling bears the heavy burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (internal quotation omitted). Cruse's reliance on erroneous legal advice, pro se status, and limited law library access do not constitute extraordinary circumstances. *See Ramirez*, 571 F.3d at 998 (access to law library); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se status); *Miranda v. Castro*, 292 F.3d 1063, 1066-67 (9th Cir. 2002) (erroneous legal advice). Furthermore, there is no authority to support Cruse's contention that he was entitled to "fair notice" that the statute of limitations was running. Thus, we conclude that none of Cruse's allegations, nor their combination, so interfered with his ability to file a timely federal habeas petition as to warrant equitable tolling. *See Chaffer*, 592 F.3d at 1049.

We treat Cruse's additional argument as a motion to expand the certificate of appealability and deny the motion. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**