NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| M. S.,　　　　Petitioner,　v.　DAVE S.B. HOON, John Wayne Cancer Institute; OFFICE OF CHIEF ADMINISTRATIVE HEARING OFFICER,　　　　Respondents. | No.　18-71918　DHS No. 17B00060　MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted June 11, 2019[**]

Before:　CANBY, GRABER, and MURGUIA, Circuit Judges.

M.S. petitions pro se for review of the Office of the Chief Administrative

Hearing Officer's ("OCAHO") order dismissing her complaint alleging national

origin and citizenship status discrimination, retaliation, and misuse of documents

in violation of the Immigration Reform and Control Act, 8 U.S.C. § 1324b.　We

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1324b(i)(1).  We review de novo the Administrative Law Judge's ("ALJ") conclusions of law, and for substantial evidence the ALJ's findings of fact.  *Mester Mfg. Co. v. INS*, 879 F.2d 561, 565 (9th Cir. 1989).  We deny the petition for review.

The ALJ properly dismissed M.S.'s complaint because M.S. failed to file a timely charge with the Department of Justice's Immigrant and Employee Rights Section before filing her complaint with OCAHO.  *See* 8 U.S.C. § 1324b(d)(3); *cf. Dakarapu v. Arvy Tech, Inc.*, 13 OCAHO 1308, *4 (Feb. 16, 2018) (emails must contain sufficient information to put agency on notice of allegations of 8 U.S.C. § 1324b discrimination to constitute a timely charge under 8 U.S.C. § 1324b(d)(3)).  We do not consider any argument or evidence M.S. failed to raise or include in her response to the order to show cause issued by the ALJ regarding the timeliness of M.S.'s complaint.  We reject as unpersuasive M.S.'s equitable tolling argument.  *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) ("A petitioner seeking equitable tolling bears the heavy burden of showing . . . some extraordinary circumstance stood in [her] way." (internal quotation marks omitted)).

The district court did not abuse its discretion in denying M.S.'s motion for reconsideration because M.S. failed to establish any basis for such relief.  *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir.

18-71918

1993) (standard of review and setting forth grounds for reconsideration).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unpersuasive M.S.'s contentions regarding disqualifying respondent Hoon's counsel, error by the ALJ, the False Claims Act, and fiduciary duty.

M.S.'s motion to treat her correspondence filed at Docket Entry No. 44 as her reply brief (Docket Entry No. 53) is granted. The brief has been filed and considered.

M.S.'s correspondence filed at Docket Entry No. 54 is construed as a motion to strike respondents' excerpts of record and is denied.

**PETITION FOR REVIEW DENIED.**