NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS NOUAN, | No. 19-15561 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-02743-GMS |
| v. | |
| CHARLES L. RYAN; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted August 19, 2019[**]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Arizona state prisoner Thomas Nouan appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas corpus petition as untimely.  We

have jurisdiction under 28 U.S.C. § 2253.  We review de novo, *see Bills v. Clark*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

628 F.3d 1092, 1096 (9th Cir. 2010), and we affirm.

Nouan contends that he is entitled to equitable tolling of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations because (1) he misunderstood the date from which the AEDPA limitations period began running, and (2) his counsel during state post-conviction relief proceedings failed to inform him of AEDPA's filing deadline. These contentions fail. A pro se petitioner's "inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006). Moreover, because there is no constitutional right to the effective assistance of counsel in state post-conviction proceedings, any attorney negligence does not amount to an extraordinary circumstance warranting equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002). Accordingly, Nouan has not met his heavy burden to show that an extraordinary circumstance beyond his control prevented him from timely filing his habeas petition. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010).

**AFFIRMED.**