**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

CLINT MICHAEL LIVERMORE,

Petitioner - Appellant,

v.

GARY SANDOR,[*]

Respondent - Appellee.

No. 08-16181

D.C. No. 1:06-CV-01447-WMW

MEMORANDUM[**]

Appeal from the United States District Court
for the Eastern District of California
William M. Wunderlich, Magistrate Judge, Presiding

Argued and Submitted September 1, 2011
San Francisco, California

Before:   FISHER and RAWLINSON, Circuit Judges, and MILLS, Senior District
Judge.[***]

Clint M. Livermore, who is serving a 15 years to life term in California state

prison on a second degree murder conviction, filed a habeas corpus petition

---

[*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Gary Sandor is
substituted for his predecessor, Derrick Ollison, as Warden.

[**]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[***]The Honorable Richard Mills, Senior United States District Judge for the
Central District of Illinois, sitting by designation.

alleging ineffective assistance of counsel. The district court dismissed the petition as barred by the one-year statute of limitation period imposed by 28 U.S.C. § 2244(d). Livermore argues that he is entitled to statutory and equitable tolling. We affirm the district court's dismissal of Livermore's petition.

*1. Statutory Tolling*

Livermore's limitation period began running "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Livermore's state court conviction became final on July 27, 2004, the last day to file a federal habeas petition was July 27, 2005. Livermore filed his petition on October 17, 2006. Thus, absent tolling, the petition is time-barred.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A state petition is "pending" between a lower court's denial of relief and the filing of an appeal in a higher state court, as long as the filing of the notice of appeal is timely under state law. *See Carey v. Saffold*, 536 U.S. 214, 221-25 (2002).

The parties agree that 76 days elapsed between the superior court's denial of Livermore's habeas petition on June 29, 2005, and the filing of his next habeas petition in the court of appeal on September 14, 2005. This delay was not reasonable, and therefore statutory tolling does not apply. *See Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (holding that an 81-day delay was "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement").

*2. Equitable Tolling*

Livermore may nonetheless be entitled to equitable tolling if he can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling may apply, for example, "in the rare case where a petitioner relies on our legally erroneous holding in determining when to file a federal habeas petition." *Harris v. Carter*, 515 F.3d 1051, 1057 (9th Cir. 2008).

Given the high threshold, we conclude that Livermore is not entitled to equitable tolling. Although "[a] habeas petitioner who decides when to file his federal habeas petition by relying on Ninth Circuit precedent that is later overturned by the Supreme Court is entitled to equitable tolling," *Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012), there was no controlling decision at

3

the time that set forth a *rule* assuring Livermore that a delay of 76 days in filing his state habeas petition would be reasonable. *Cf. Harris*, 515 F.3d 1051 (petitioner relied on Ninth Circuit precedent holding as a matter of law that the statute of limitations is tolled pending state habeas proceedings); *Nedds*, 678 F.3d 777 (petitioner relied on Ninth Circuit precedent holding as a matter of law that the statute of limitations is tolled from the time the first state habeas petition is filed until the time the California Supreme Court rejects the petitioner's final collateral challenge). Livermore's reliance on *Saffold v. Carey*, 312 F.3d 1031 (9th Cir. 2002), which factually involved a 4.5 month delay, is misplaced. We explicitly cautioned, "We take pains to note that we have not been asked to provide any bright-line rule for determining what constitutes 'unreasonable' delay under California's indeterminate timeliness standard." *Id.* at 1036 n.1.

Livermore has pointed to no extraordinary circumstance that prevented a timely filing of his federal petition, thereby warranting equitable tolling.

*3. Uncertified Issue*

We decline to extend the certificate of appealability to the uncertified issue of actual innocence. *See* 28 U.S.C. § 2253. The appellee's motion for leave to file a second supplemental brief, filed on September 8, 2011, is denied as moot.

**AFFIRMED.**

4