**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JULIUS M. ROBINSON,
          *Petitioner-Appellant*,

v.

G. W. LEWIS,
          *Respondent-Appellee*.

No. 14-15125

D.C. No.
2:13-cv-00604-WBS-AC

ORDER CERTIFYING
QUESTION TO THE
CALIFORNIA
SUPREME COURT

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted
June 11, 2015—San Francisco, California

Filed July 28, 2015

Before: Mary M. Schroeder and Sandra S. Ikuta, Circuit
Judges and J. Michael Seabright,[*] District Judge.

---

[*] The Honorable J. Michael Seabright, District Judge for the U.S.
District Court for the District of Hawaii, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel certified to the California Supreme Court the following question:

> When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's disposition of the prisoner's claims, untimely under California law; specifically, is a habeas petition untimely filed after an unexplained 66-day delay between the time a California trial court denies the petition and the time the petition is filed in the California Court of Appeal?

## ORDER

We ask the California Supreme Court to resolve an important question of state law that the Ninth Circuit has long struggled to answer, a struggle that absorbs appellate and district court resources and frustrates state prisoners. The question is: when is a state prisoner's petition for a writ of state habeas corpus in a non-capital case timely filed in a California court? Without the California Supreme Court's guidance on this issue, federal courts lack the means to make

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

a correct determination of whether a state habeas petition was properly filed, and thus whether its filing tolls the federal statute of limitations for filing a federal habeas petition. Accordingly, pursuant to Rule 8.548 of the California Rules of Court, we certify the following question to the California Supreme Court:

> When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's disposition of the prisoner's claims, untimely under California law; specifically, is a habeas petition untimely filed after an unexplained 66-day delay between the time a California trial court denies the petition and the time the petition is filed in the California Court of Appeal?

Our phrasing of this question should not restrict the Court's consideration of the issues involved. The Court may rephrase the question as it sees fit in order to address the contentions of the parties. If the Court agrees to decide this question, we agree to accept its decision. We recognize that our certification request adds to the substantial caseload of the Court, and we submit this question for the Court's consideration because of its importance and its prevalence, as discussed below. "Comity and federalism counsel that the California Supreme Court, rather than this court, should answer" the certified question. *Munson v. Del Taco, Inc.*, 522 F.3d 997, 999 (9th Cir. 2008).

We provide a brief background of the issue and its importance before discussing the particular case that requires us to consider it.

I

A

Under federal habeas law, 28 U.S.C. § 2244(d)(1), a state prisoner must file a petition for federal habeas review within a one year limitations period.[1]  Section 2244(d)(2) further

---

[1] Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

specifies that this federal limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The federal statute has been interpreted to define "[t]he time that an application for state postconviction review is 'pending'" as including "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006).

*Chavis* explained that in most states other than California, the number of days a petitioner has for filing an appeal is established by statute. *Id.* at 191–92. This makes it simple to determine whether a filing is "timely under state law," *see id.*, and thus whether a petition for review is "properly filed" and the federal statute of limitations tolled, *see* 28 U.S.C. § 2244(d)(2). California, however, has a unique system by which state habeas petitioners challenge adverse state court decisions. *Chavis*, 546 U.S. at 192. Rather than requiring a petitioner whose habeas petition has been dismissed to appeal that decision to a higher court, California law provides that an original petition may be filed at each level of the California court system. *Id.* at 192–93. Such a petition is timely if filed "within a 'reasonable time.'" *Id.* at 192 (quoting *In re Harris*, 5 Cal. 4th 813, 828 n.7 (1993)). California courts allow a longer delay if the petitioner demonstrates good cause. *In re Robbins*, 18 Cal. 4th 770, 780 (1998).

If a California court states it has dismissed a state habeas petition because the petition was untimely, "that would be the end of the matter." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). When a California state court determines that a state prisoner's state habeas petition is untimely under state law,

there is "no 'properly filed' state petition, and [the state prisoner is] not entitled to statutory tolling" under AEDPA. *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (per curiam).

But if a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness," *Chavis*, 546 U.S. at 197–98, in order to determine whether the petition was "properly filed" for purposes of tolling the federal statute of limitations, *id.* at 191 (quoting 28 U.S.C. § 2244(d)(2)). Observing that California courts had not provided authoritative guidance on this issue, *Chavis* made its own conjecture regarding state law, namely "that California's 'reasonable time' standard would not lead to filing delays substantially longer than" between 30 and 60 days, the range of time allowed for filing a notice of appeal by other states' statutes. *Id.* at 199, 201. Based on this conjecture, *Chavis* held that California courts would hold the unexplained six-month delay by the state prisoner in that case to be unreasonable, and therefore concluded the state prisoner had not filed his state habeas petition on time. *Id.* at 201.

Given the conjectural nature of its 30 to 60 day benchmark, *Chavis* suggested we certify a question to the California Supreme Court to address the problem of the "uncertain scope of California's 'reasonable time' standard." *Id.* at 199. We did so in 2008. *See Chaffer v. Prosper*, 542 F.3d 662 (9th Cir. 2008).

*Chaffer* involved a state prisoner who delayed 101 and 115 days in filing state habeas petitions, *id.* at 663–64, but

argued that he had good cause for some of the delays, *id.* at 666–67. We sought the California Supreme Court's guidance regarding whether these delays, or any delay exceeding 60 days, were unreasonable, and if so, whether the petitioner demonstrated good cause for the delays. *Id.* at 663–64, 666.

The California Supreme Court denied certification. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 n.1 (9th Cir. 2010) (per curiam).

B

We have now had seven more years' experience applying California's "reasonable time" standard and we remain uncertain about the scope of California's rule. Although *Chavis* explained that, on its reading of California law, permissible delays would not be "substantially longer than" 30 to 60 days, 546 U.S. at 199–200, neither California nor Ninth Circuit courts have created a clear rule for cases involving an unexplained delay of more than 60 days.

In the nine years that have passed since *Chavis* attempted to deduce how California courts would assess timeliness, California courts have not provided any authoritative guidance regarding when a state habeas petition is timely filed if good cause is absent. Indeed, few state courts have addressed this issue. For the most part, California cases have addressed timeliness issues in the context of determining whether a state prisoner has good cause for a delay, and have not addressed timeliness where good cause is absent. *See In re Lucero*, 200 Cal. App. 4th 38, 44–45 (2011) (holding a 10-month delay was not unreasonable when a prison law library did not receive a newly-decided case for several months, and the issue was exceptionally important); *In re*

*Crockett*, 159 Cal. App. 4th 751, 636–37 (2008) (holding a five-month delay was not unreasonable when an attorney "had no prior experience with appellate writs and could not obtain the assistance of experienced appellate counsel"). *But cf. In re Nunez*, 173 Cal. App. 4th 709, 723 (2009) (holding a six-month delay prior to filing an initial habeas petition was not unreasonable, especially as the delay did not prejudice the state).

We are aware of only one California case that considered the timeliness of a state habeas petition when good cause was lacking, but that case addressed a petition in the context of parole. *See In re Burdan*, 169 Cal. App. 4th 18, 31 (2008) (holding that a petitioner's 10-month delay in challenging a parole determination was not unreasonable). Because *Burdan* "specifically explained that the timeliness rules apply with less force where the petitioner is challenging a parole board determination," we concluded that it provides little or no guidance in the non-parole context. *Stewart v. Cate*, 757 F.3d 929, 936–37 (9th Cir. 2014).

A handful of unpublished California cases also discuss timeliness. *See, e.g.*, *In re Little*, No. D047468, 2008 WL 142832, at *4 n.6 (Cal. Ct. App. Jan. 16, 2008) (holding a 14-month delay was not unreasonable "[i]n the circumstances of this case"). But because they are unpublished, Rule 8.1115 of the California Rules of Court directs that we not rely on them as precedent.

In the absence of guidance from California courts, courts in the Ninth Circuit have struggled to discern how California courts would rule on the timeliness issue, particularly when there is no justification for the delay. We have held that delays of 115, 101, and 81 days make a petition untimely

unless the petitioner can show good cause. *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011); *Chaffer*, 592 F.3d at 1048 (holding the state habeas petitions were untimely because the peititoner's "filing delays were substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions"). We have also interpreted *Saffold* as holding "that California's reasonableness standard is commensurate with the limitations of other states, which are 30 or 45 days." *Cross v. Sisto*, 676 F.3d 1172, 1176 (9th Cir. 2012). More recently, we have indicated that the Supreme Court's 60-day limit is the "benchmark" from which we will not depart without a showing of good cause. *See Stewart*, 757 F.3d at 935 & n.8 (explaining that a delay beyond 60 days is not "per se unreasonable under California law," because, as our case law holds, the 30 to 60 day "benchmark may be exceeded under appropriate circumstances"). But we have not yet expressly adopted a bright line rule that an unexplained delay of more than 60 days is unreasonable.[2]

District courts in the Ninth Circuit have also wrestled with this issue. "[N]o consensus has emerged among district courts in California as to the length of unexplained delay which is unreasonable in the wake of the decision in *Chavis*."

---

[2] Unpublished Ninth Circuit cases also fail to clarify whether any unexplained delay over 60 days is unreasonable or whether the delay must be "substantially longer than" 60 days to be unreasonable. *Compare, e.g.*, *Livermore v. Sandor*, 487 F. App'x 342, 343–44 (9th Cir. 2012) (holding a 76-day delay was unreasonable), *and Hurth v. Campbell*, 537 F. App'x 696, 697 (9th Cir. 2013) (holding a 70-day delay was unreasonable because "in the absence of an adequate explanation we cannot see why there was any delay beyond the thirty-to-sixty-day range" (footnote and internal quotation marks omitted)), *with Pena v. Martel*, 450 F. App'x 670, 671 (9th Cir. 2011) (holding a delay of unspecified length was unreasonable because it was "substantially longer than" 30 to 60 days).

*Wynn v. Martel*, No. CIV S-09-2728 JAM DAD P, 2011 WL 864500, at \*5 nn.4 & 5 (E.D. Cal. Mar. 10, 2011), *report and recommendation adopted*, No. CIV S-09-2728 JAM DAD P, 2011 WL 1811109 (E.D. Cal. May 12, 2011). Some California district courts have held that "unexplained delays of 61 to 70 days in pursuing relief between courts are not unreasonable." *Id.* at \*6.[3] Other district courts have held that delays within this window were unreasonable,[4] or that longer delays were reasonable.[5] Because of the uncertainty

---

[3] *See also Gonzales v. Hubbard*, No. CV 11-3395-GAF AGR, 2011 WL 6951958, at \*3 (C.D. Cal. Nov. 28, 2011), *report and recommendation adopted*, No. CV 11-3395-GAF AGR, 2012 WL 28649 (C.D. Cal. Jan. 4, 2012).

[4] *See Bayaird v. Cate*, No. 1:09-CV-01898-LJO-GSA HC, 2010 WL 1339617, at \*4 (E.D. Cal. Apr. 1, 2010) (holding an unjustified 67-day delay was unreasonable); *Hunt v. Felker*, No. 1:07-CV-01281-OWW-TAG HC, 2008 WL 364995, at \*4 (E.D. Cal. Feb. 8, 2008), *report and recommendation adopted*, No. 1:07-CV-1281-OWW-TAG HC, 2008 WL 752592 (E.D. Cal. Mar. 19, 2008) (holding a 70-day delay, not justified by good cause, was unreasonable); *see also Culver v. Dir. of Corr.*, 450 F. Supp. 2d 1135, 1141 (C.D. Cal. 2006) (holding a 71-day delay was unreasonable).

[5] *Young v. Sisto*, No. CIV S-11-0166 JAM CKD P, 2012 WL 125520, at \*8 (E.D. Cal. Jan. 17, 2012) (holding an unjustified 77-day delay was reasonable but other, longer delays were not, and denying the petition as untimely); *Brown v. Campbell*, No. CIVS-06-2360 LKK DAD P, 2007 WL 2265588, at \*8 (E.D. Cal. Aug. 6, 2007), *report and recommendation adopted*, No. CIVS-06-2360 LKK DAD P, 2007 WL 2793284 (E.D. Cal. Sept. 25, 2007) (holding an unjustified 81-day delay was reasonable); *Ramirez v. Campbell*, No. CIVS-06-1257 FCD GGH P, 2006 WL 3114287, at \*4 (E.D. Cal. Nov. 1, 2006) (holding an unjustified 75-day delay was reasonable but other delays were not, and denying the petition as untimely), *report and recommendation adopted*, No. CIVS-06-1257 FCD GGH P, 2007 WL 569996 (E.D. Cal. Feb. 21, 2007), *aff'd*, 384 F. App'x 654 (9th Cir. 2010) (affirming without discussing the 75-day gap).

surrounding timeliness, district courts spend substantial judicial resources addressing this issue. The question of what constitutes filing within a reasonable time under California law has arisen in over 500 district court cases in this circuit since *Chavis* was decided, and in over 250 since the California Supreme Court last denied our request for certification of this question in *Chaffer*.

## C

This question of when a state prisoner's habeas petition is timely filed in a California court is an issue of exceptional importance to both federal and California courts.

As noted above, federal courts expend substantial resources in an effort to discharge our duty to discern the state rule for timeliness of filing state habeas petitions. If we underestimate the permissible delay between a California lower court's denial of a petition and the filing of a petition challenging that decision in a higher court, we will deprive a state prisoner of the federal review to which the prisoner is entitled. But if we overestimate the permissible delay, we will fail to implement "the statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Saffold*, 536 U.S. at 226.

The proper application of the federal statute of limitations also serves important state interests. If federal courts overestimate the length of time a prisoner may delay and still timely file a petition, we fail to afford the California court decisions that tacitly rest on untimeliness the respect due under the federal system. The federal statute of limitations also protects the finality of state decisions and promotes the

exhaustion of state remedies.    As the Supreme Court explained in *Duncan v. Walker*, "[t]he 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments" because it "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." 533 U.S. 167, 179 (2001).    Furthermore, the tolling provision of § 2244(d)(2) "promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued." *Id*.    The federal courts' lack of clarity regarding California's "reasonable time" standard threatens these state interests.

California courts have explained that time limits for filing a petition for collateral review of a state conviction are important for several reasons.    The California Supreme Court has explained that petitioners must timely file:

> [to] vindicate society's interest in the finality of its criminal judgments, as well as the public's interest in the orderly and reasonably prompt implementation of its laws.    Such timeliness rules serve other salutary interests as well.    Requiring a prisoner to file his or her challenge promptly helps ensure that possibly vital evidence will not be lost through the passage of time or the fading of memories.    In addition, we cannot overestimate the value of the psychological repose that may come for the victim, or the surviving family and friends of the victim, generated by the knowledge the ordeal is finally over.

*In re Sanders*, 21 Cal. 4th 697, 703 (1999) (citations and internal quotation marks omitted). These important state interests are undermined if federal courts misinterpret California's timeliness rules and lengthen the time before a state conviction becomes final.

Finally, the uncertainty regarding timeliness under state law "vex[es] prisoners as well, for they cannot know whether the federal statute of limitations is running while they prepare their state petitions." *Saffold*, 536 U.S. at 235–36 (Kennedy, J., dissenting). We have held that this uncertainty does not provide a basis for equitable tolling of the federal statute of limitations if a prisoner's state habeas petitions were filed after *Saffold*. *See Velasquez*, 639 F.3d at 969 (holding that prisoners who filed claims after *Saffold* had adequate notice "that federal courts would address the timeliness of [their] petition[s] in the event that the California courts neglected to do so"); *accord Nedds v. Calderon*, 678 F.3d 777, 781–83 (9th Cir. 2012) (holding a state prisoner whose federal petition was filed pre-*Saffold* could receive equitable tolling). State prisoners, including the petitioner in this case, nevertheless argue that the uncertainty leaves them without notice of how long a delay a court will find reasonable. State prisoners face an especially difficult challenge in cases like this one, where, as summarized above, no Ninth Circuit case addresses a delay of this length and district courts are split. Raising this concern, one commentator argued that "it is profoundly unfair to expect accuracy in calculation from a pro se inmate on a topic that neither the Supreme Court nor the Ninth Circuit has succeeded at clarifying." Emily Garcia Uhrig, *The Sacrifice of Unarmed Prisoners to Gladiators: The Post-AEDPA Access-to-the-Courts Demand for a Constitutional Right to Counsel in Federal Habeas Corpus*, 14 U. Pa. J. Const. L. 1219, 1241 (2012).

II

This is an especially appropriate case in which to seek the California Supreme Court's guidance because it raises the timeliness issue without requiring consideration of good cause for the delay.

A

The facts of this case are as follows. Julius Robinson was convicted by a jury of two counts of premeditated murder, two counts of malicious discharge of a firearm, and gun and gang enhancements. He was sentenced to a determinate term of 17 years, and an indeterminate term of 205 years to life. On February 8, 2011, the California Court of Appeal modified the sentence and affirmed the judgment. The California Supreme Court denied review, and the deadline for Robinson to seek certiorari review with the United States Supreme Court expired on August 9, 2011.

On November 12, 2011, 94 days after the certiorari deadline passed, Robinson constructively filed a state habeas petition in California Superior Court.[6] On January 19, 2012, the Superior Court denied Robinson's petition. On March 26, 2012, 66 days after the Superior Court denied his petition, Robinson filed a petition with the California Court of Appeal.

---

[6] Because Robinson was a pro se, incarcerated petitioner, the "mailbox rule" applies, meaning that his petition is deemed filed on the date of its submission to the prison authorities for mailing. *See Noble v. Adams*, 676 F.3d 1180, 1182 (9th Cir. 2012). The application of this mailbox rule is not disputed. There are, however, several discrepancies in the record regarding the dates the petitions were constructively filed. Because the dates found by the magistrate judge are not disputed, we rely on the filing dates found by the magistrate judge as the operative ones.

On April 5, 2012, the California Court of Appeal denied Robinson's petition, citing *In re Steele*, 32 Cal. 4th 682, 692 (2004), and *In re Hillery*, 202 Cal. App. 2d 293 (1962). Neither case involves a timeliness determination. *Accord Walker v. Martin*, 562 U.S. 307, 310 (2011) ("California courts signal that a habeas petition is denied as untimely by citing the controlling decisions, *i.e.*, [*In re*] *Clark*[, 5 Cal. 4th 750 (1993)] and *Robbins*."). On July 6, 2012, 91 days after the California Court of Appeal decision, Robinson filed a petition with the California Supreme Court. The California Supreme Court denied his petition on October 24, 2012.

Robinson filed a habeas petition under 28 U.S.C. § 2254 in federal district court on March 13, 2013, which was 139 days after the California Supreme Court issued its denial. Adding up the delays that were attributable to Robinson (delays of 94, 66, 91, and 139 days), and excluding the time when his filed petitions were being considered by the California courts, his petition was filed 390 days after his conviction became final and the time for seeking certiorari review by the Supreme Court expired.

The government moved to dismiss the petition, on the ground that the one-year statute of limitations under 28 U.S.C. § 2244 had expired before Robinson filed his petition. A magistrate judge considered whether Robinson was entitled to tolling of the statute of limitations for the gaps between each lower court denial of Robinson's habeas petition and his subsequent filing of a new petition in the next-level state court. She concluded that the 66-day period between the denial of his California Superior Court petition and the filing date of his Court of Appeal petition was unreasonable, and therefore Robinson was not entitled to tolling for that period. The magistrate judge also concluded that Robinson was not

entitled to tolling for the 91-day period between the denial of his California Court of Appeal petition and the filing date of his California Supreme Court petition.**[7]**  Absent tolling for either of these two periods, Robinson's petition was untimely. The district court adopted the magistrate judge's findings and recommendations and granted the government's motion to dismiss Robinson's federal habeas petition with prejudice as barred by the statute of limitations.

On appeal, we are considering only the question whether Robinson is entitled to tolling for the 66-day interval between the California Superior Court denial of habeas relief and his filing a new petition in the California Court of Appeal.**[8]**  The issue of good cause is absent in this case.  Although Robinson claimed in district court that the delay was "attributed to further research and litigation of potential issues," the district court rejected this justification because "[t]he petition filed in the California Court of Appeal was simply a photocopy of the prior petition."  Robinson did not dispute this conclusion in

---

**[7]** In the district court, the state made clear that it "does not argue that the [California Supreme Court petition] was improperly filed; therefore [Robinson] is entitled to tolling for the pendency of his third state action . . . for the period of August 1, 2012 through October 24, 2012."  On appeal, the state nonetheless argued that no tolling should be permitted for the period between when Robinson filed his petition with the California Supreme Court and when that court decided it, because the untimely petition was not "properly filed."  Because the state intentionally relinquished the argument in the district court, we will not consider it on appeal. *Wood v. Milyard*, 132 S. Ct. 1826, 1834–35 (2012).

**[8]** Robinson did not appeal the district court's determination that he was not entitled to tolling for the 91-day period.

his briefing before our court.  He has therefore waived it.**⁹**
*See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir.
2005).

## B

Because there is no issue of good cause in this case, the
question of the permissible length of an unjustified delay is
squarely presented for the California Supreme Court's
review.  For the reasons stated above, we need guidance from
the California Supreme Court in order to determine accurately
whether Robinson's appeal was timely filed in the California
Court of Appeal.

An answer to this question will determine the outcome of
this case.**¹⁰**  If 66 days is a substantial delay, Robinson's

---

**⁹** Even had Robinson not waived this argument, our precedent dictates
that we reject it.  *See Waldrip v. Hall*, 548 F.3d 729, 736–37 (9th Cir.
2008) (rejecting a petitioner's justifications for delay when he had access
to a library and his revised petition was nearly identical to his first);
*Stewart*, 757 F.3d at 933 n.3, 937 (rejecting a pro se petitioner's argument
that his delay was justified by his inability to research claims when he
eventually presented the same claims); *see also Velasquez*, 639 F.3d at
968.

**¹⁰** Robinson argues he is entitled to equitable tolling because he did not
know that he was required to file an appeal in the California Court of
Appeal within 60 days or risk having a federal court conclude that the
petition was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(1).
Robinson waived this claim by not raising it to the district court.  *See
Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992).  In
any event, we would lack jurisdiction to consider this claim.  Robinson
filed his state habeas petitions after *Saffold* and *Chavis* were decided, and
we have held that prisoners who filed claims after *Saffold* had adequate
notice "that federal courts would address the timeliness of [their]
petition[s] in the event that the California courts neglected to do so."

federal habeas petition is untimely and the district court properly dismissed it. If it is not a substantial delay, his federal habeas petition was timely, and we will reverse and remand for the petition to be considered on the merits. Under our precedent, absent guidance from the California Supreme Court, we could hold either that the 66-day period is tolled because it is not substantially longer than the 30 to 60 days other states permit, *cf. Chaffer*, 592 F.3d at 1048, or we could hold it is not tolled because it is beyond *Chavis*'s 30 to 60-day benchmark and no good cause exists, *see Stewart*, 757 F.3d at 935–36. We would prefer to have California's guidance on this important issue, and defer to California's determination of what constitutes a timely filing in state court. We therefore respectfully ask that the California Supreme Court decide the certified question.

## III

The Clerk of Court is hereby directed to transmit forthwith to the California Supreme Court, under official seal of the Ninth Circuit, a copy of this order and request for certification and all relevant briefs and excerpts of record pursuant to California Rule of Court 8.548. Submission of this case is withdrawn, and the case will be resubmitted following receipt of the California Supreme Court's opinion on the certified question or notification that it declines to answer the certified question. The panel shall retain jurisdiction over further proceedings in this court. The parties shall notify the Clerk of this court within one week after the California Supreme Court accepts or rejects

---

*Velasquez*, 639 F.3d at 969. Therefore, Robinson has not "made a substantial showing of the denial of a constitutional right," which is a prerequisite to taking an appeal. 28 U.S.C. § 2253(c)(2).

certification. In the event the California Supreme Court grants certification, the parties shall notify the Clerk within one week after the court renders its opinion.

The caption of this case is:

## No. 14-15125

### JULIUS M. ROBINSON,

#### Petitioner - Appellant,

#### v.

### G. W. LEWIS,

#### Respondent - Appellee.

Counsel for the parties are as follows:

For Petitioner-Appellant: Heather E. Williams, Federal Defender; David Hare Harshaw, III, Assistant Federal Public Defender, 801 I Street, 3rd Floor, Sacramento, CA 95814.

For Respondent-Appellee: Kamala D. Harris, Attorney General of California; Michael P. Farrell, Senior Assistant Attorney General; Brian G. Smiley, Supervising Deputy Attorney General; David Andrew Eldridge, Deputy Attorney General, 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244

**CERTIFICATION REQUESTED; SUBMISSION VACATED.**