FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERARDO VAZQUEZ, GLORIA ROMAN, and JUAN AGUILAR, on behalf of themselves and all other similarly situated, *Plaintiffs-Appellants*, <br><br> v. <br><br> JAN-PRO FRANCHISING INTERNATIONAL, INC., *Defendant-Appellee.* | No. 17-16096 <br><br> D.C. No. 3:16-cv-05961-WHA <br><br> ORDER CERTIFYING QUESTION TO THE CALIFORNIA SUPREME COURT |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted December 18, 2018
San Francisco, California

Filed September 24, 2019

Before: Ronald M. Gould and Marsha S. Berzon, Circuit
Judges, and Frederic Block, District Judge.[*]

Order

---

[*] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY[**]

**Certified Question to the California Supreme Court**

The panel certified the following question of state law to the California Supreme Court:

> Does *Dynamex Operations West Inc. v. Superior Court*, 416 P.3d 1 (Cal. 2018), apply retroactively?

## ORDER

We ask the California Supreme Court to resolve an open question of California state law and certify the following question: Does the Court's decision in *Dynamex Operations West Inc. v. Superior Court*, 416 P.3d 1 (Cal. 2018), apply retroactively? Our phrasing of the question should not restrict the Court's consideration of the issues involved. The Court may rephrase the questions as it sees fit in order to address the contentions of the parties. If the Court agrees to decide this question, we agree to accept its decision. We recognize that the Court has a substantial caseload, but we submit this question in the interests of comity and because of its significance for California labor law and California businesses.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# I

This case dates back more than a decade.  We provide background on the parties, their dispute, the procedural history of the case, and their contentions on appeal to frame the question we are certifying.

## A

Defendant-Appellee, Jan-Pro International Franchising, Inc. ("Jan-Pro") is a company headquartered in Georgia.  It licenses a system for marketing cleaning services to "regional master franchisees," in multiple countries, including the United States.  Regional master franchisees purchase franchises for exclusive operations in a given regional area.

Regional master franchisees, in turn, are franchisors to "unit franchisees."  Regional master franchisors[1] advertise cleaning services within the geographic region covered by the franchise, provide bids to potential customers, and process payments.  Unit franchisees are given the option to accept or reject these bids; for any bids they accept, they perform the actual cleaning under the "Jan-Pro" name.  Unit franchisees are also allowed to solicit their own accounts.  After royalties and other fees are deducted for Jan-Pro and the regional master franchisor, the balance is remitted to the unit franchisee.  Regional master franchisors also offer "business and management services" to unit franchisees, including training, "assistance with customer relations" (which includes finding a substitute unit franchisee if a scheduled unit franchisee is unable to fulfill a contract), and

---

[1] We refer to the intermediate entities as either "regional master franchisees" or "regional master franchisors" depending on whether the focus is on their relationships with Jan-Pro or with the unit franchisees.

invoicing.    Some regional master franchisors provide cleaning supplies to their unit franchisees.

Jan-Pro is not party to any contract with unit franchisees. Jan-Pro contracts with the master franchisors, who then contract with unit franchisees.    Unit franchisees may hire their own employees and may act in individual or corporate capacities.

Plaintiffs-Appellants ("Plaintiffs") are former unit franchisees who purchased their franchises from two different regional master franchisors.    Gerardo Vazquez purchased his franchise from master franchisor New Venture of San Bernardino, LLC for $2,800; Gloria Roman bought hers from Connor-Nolan, Inc. for $2,800; and Juan Aguilar, with a business partner, acquired his from Connor-Nolan, Inc. for $9,000.    *See Roman v. Jan-Pro Franchising Int'l, Inc.*, No. 16-cv-05961, 2017 WL 2265447, at *1 (N.D. Cal. May 24, 2017).

**B**

This case began in 2008 when three other former Jan-Pro unit franchisees (not Plaintiffs) filed a putative class action in the District Court for the District of Massachusetts.    By the end of the year, there were eight additional plaintiffs, including the Plaintiffs here, who are California residents. Together, they alleged that Jan-Pro had developed a sophisticated "three-tier" franchising model to misclassify its janitors as independent contractors and avoid paying minimum wages and overtime compensation.

Because of the variety of state laws involved, the Massachusetts district court chose a test case and, over Jan-Pro's objection, severed Plaintiffs' cases and sent them to

the Northern District of California, Plaintiffs' place of residence.

## C

Eventually, Jan-Pro moved for summary judgment in this case. Jan-Pro contended that the California Supreme Court's decision in *Patterson v. Domino's Pizza, LLC*—a case concerning the vicarious liability of a franchisor for a sexual assault against an employee of its franchisee, 333 P.3d 723 (Cal. 2014)—provided the relevant standard for determining whether Plaintiffs should be considered employees of Jan-Pro. *See Roman*, 2017 WL 2265447, at *2. Plaintiffs, in turn, contended that *Martinez v. Combs*, 231 P.3d 259 (Cal. 2010), provided the standard because this is a wage and hour case. *Roman*, 2017 WL 2265447, at *2. In *Martinez*, the California Supreme Court held that "to employ," as used in California wage orders, means "(a) to exercise control over the wages, hours or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common law employment relationship." *Martinez*, 231 P.3d at 278.

The district court recognized that "no binding decision ha[d] addressed the standard applicable to determining whether a franchisor is an employer of a franchisee," and "in the absence of controlling authority" it applied "the *Martinez* standard, with the gloss of *Patterson*." *Roman*, 2017 WL 2265447, at *3. Analyzing *Martinez*'s three prongs, the district court held that Plaintiffs had not established a genuine issue of material fact as to whether they were employees under any of the three prongs, and the court granted summary judgment to Jan-Pro. *Id.* at *5–6.

Plaintiffs filed a timely notice of appeal.

**D**

While this appeal was pending and after briefing was completed, the California Supreme Court decided *Dynamex*. *Dynamex* turned on the definition of "suffer or permit"—*i.e.*, *Martinez*'s second prong—for California wage order cases. Specifically, *Dynamex* held that a "hiring entity" (a putative employer) "suffers or permits" a putative employee to work if it cannot overcome the "ABC test." 416 P.3d at 35. A hiring entity must establish three elements to disprove employment status: (A) that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact; (B) that the worker performs work that is outside the usual course of the hiring entity's business; *and* (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed. *Id.* at 35.

**E**

Because *Dynamex* postdated the district court's decision, we issued an order directing the parties to brief its effect on the merits of this case. Among other contentions, the parties disputed whether the decision applies retroactively.

On May 2, 2019, we issued a published opinion holding, *inter alia*, that *Dynamex* applies retroactively. *See* 923 F.3d 575. On petition for panel rehearing, however, we decided to certify the retroactivity question to the California Supreme Court. We therefore issued an order withdrawing our prior opinion. *See Vazquez v. Jan-Pro Int'l, Inc.*, __ F.3d __, 2019 WL 3271969 (9th Cir. July 22, 2019).

# II

"We invoke the certification process only after careful consideration and do not do so lightly." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003). "In deciding whether to exercise our discretion, we consider: (1) whether the question presents 'important public policy ramifications' yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) 'the spirit of comity and federalism.'" *Murray v. BEJ Minerals, LLC*, 924 F.3d 1070, 1072 (9th Cir. 2019) (en banc) (quoting *Kremen*, 325 F.3d at 1037–38). Here, we conclude that it is prudent to certify the question of *Dynamex*'s retroactivity to the California Supreme Court. We do so for two reasons.

First, in our now-withdrawn opinion, we rejected Jan-Pro's argument that the doctrines of res judicata and law of the case bar Plaintiffs from contending that they are employees under the ABC test. *See* 923 F.3d at 583–86. We likewise rejected their contention that a retroactive application would violate its federal due process rights. *See id.* at 588–90. Finally, we held that if *Dynamex* does apply, the district court's reliance on *Patterson* and the "special features of the franchise relationship" was misplaced. *See id.* at 594–95. We continue to adhere to those conclusions and incorporate them here by reference. *See Vazquez v. Jan-Pro Int'l, Inc.*, __ F.3d __ (9th Cir. 2019). Accordingly, the question of whether *Dynamex* applies retroactively "could determine the outcome" of this appeal. Cal. R. Ct. 8.548(a).

Second, in resolving the parties' competing contentions, our task, as a federal court sitting in diversity, is "to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Murray*,

924 F.3d at 1071 (quoting *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001)). If a state's highest court has not spoken on an issue, "then we must predict how the state's highest court would decide" the issue. *Id.* Or, "if state law permits it, we may exercise our discretion to certify a question to the state's highest court." *Id.* The question of Dynamex's retroactive application has potentially broad ramifications for those who have been doing business in California, but the question has not been answered by the California Supreme Court. *See* Cal. R. Ct. 8.548(a)(2).**[2]** As discussed, *Dynamex* enunciated anew a test for analyzing whether a worker is an employee under California wage orders. According to Jan-Pro and *amici*, that test, if it applies retroactively, could lead to substantially greater liability for California businesses, for conduct that occurred before *Dynamex*, than the pre-*Dynamex* legal regime. In particular, the decision could lead to greater liability in economic sectors that rely more heavily on independent contractors. Franchising is one such sector, and it is large. There are more than 77,000 franchise establishments employing over 755,000 people in California. IHS Markit Economics, *Franchise Business Economic Outlook for 2018* at 28 (2018), https://www.franchise.org/sites/default/files/Franch ise_Business_Outlook_Jan_2018.pdf. Others potentially affected are small businesses and their employees, as well as workers in the gig economy. Given the potential importance of the retroactivity issue to California businesses and workers, and because the question is unsettled, "'[c]omity and federalism counsel that the California Supreme Court, rather than this court, should answer' the certified question."

---

**[2]** We note, however, that the Court did deny without comment a petition by the California Employment Law Council, an amicus, to modify the *Dynamex* decision to apply prospectively-only. The ABC test will thus be applied retrospectively in *Dynamex* itself.

*Robinson v. Lewis*, 795 F.3d 926, 928 (9th Cir. 2015) (quoting *Munson v. Del Taco, Inc.*, 522 F.3d 997, 999 (9th Cir. 2008)); *see also Murray*, 924 F.3d at 1072.

In asking the California Supreme Court to resolve this question, we respectfully direct it to our own analysis in the withdrawn opinion to the extent that the Court may find it helpful. *See* 923 F.3d at 586–88. We also respectfully direct it to the voluminous briefs of the parties and amici. To that end, we **GRANT** Plaintiffs' motion to take judicial notice of a hearing transcript in *Juarez v. Jani-King of Cal., Inc.*, No. 4:09-cv-03495, Dkt. No. 240 (N.D. Cal. Dec. 14, 2018), in which Judge Yvonne Gonzalez-Rodgers reasoned that *Dynamex* applies retroactively (Dkt. No. 111). We likewise **GRANT t**he California Employment Law Council's motion to file an *amicus* brief (Dkt. No. 97).

\* \* \*

In light of the foregoing, we ask the California Supreme Court to answer the following question: Does *Dynamex Operations West Inc. v. Superior Court*, 416 P.3d 1 (Cal. 2018), apply retroactively?

### III

We provide the following information as required by California Rule of Court 8.548(b)(1).

The title of this case is GERARDO VAZQUEZ, GLORIA ROMAN, and JUAN AGUILAR, Plaintiffs-Appellants v. JAN-PRO FRANCHISING INTERNATIONAL, INC., Defendant-Appellee.

The case number in our court is 17-16096.

Plaintiffs-Appellants Gerardo Vazquez, Gloria Roman, and Juan Aguilar are represented by the following counsel:

Shannon Liss-Riordan
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

Defendant-Appellee Jan-Pro Franchising International, Inc. is represented by the following counsel:

Theodore J. Boutrous, Jr., Samuel Eckman, and Theane Evangelis
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Jeffrey Mark Rosin
O'Hagan Meyer, PLLC
111 Huntington Avenue, Suite 2860
Boston, MA 02199

We designate Gerardo Vazquez, Gloria Roman, and Juan Aguilar as the petitioners if our request for a decision is granted, as they are the appellants before our court.

The Clerk of Court is hereby directed to transmit forthwith to the California Supreme Court, under official seal of the Ninth Circuit, a copy of this order and request for certification and all relevant briefs and excerpts of record pursuant to California Rule of Court 8.548. Submission of this case is withdrawn, and the case will be resubmitted following receipt of the California Supreme Court's opinion on the certified question or notification that it declines to answer the certified question. The Clerk shall administratively close this docket pending a ruling by the

California Supreme Court regarding the certified question. The panel shall retain jurisdiction over further proceedings in this court. The parties shall notify the Clerk of this court within one week after the California Supreme Court accepts or rejects certification. In the event the California Supreme Court grants certification, the parties shall notify the Clerk within one week after the Court renders its opinion.

**CERTIFICATION REQUESTED; SUBMISSION VACATED.**