**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIUS M. ROBINSON,

          Petitioner-Appellant,

   v.

G. W. LEWIS,

          Respondent-Appellee.

No.   14-15125

D.C. No.
2:13-cv-00604-WBS-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted June 11, 2015
San Francisco, California

Submission Withdrawn July 28, 2015
Resubmitted August 20, 2020

Before: SCHROEDER and IKUTA, Circuit Judges, and SEABRIGHT,[**] District
Judge.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable J. Michael Seabright, United States Chief District
Judge for the District of Hawaii, sitting by designation.

Julius Robinson appeals the dismissal of his petition for habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and having received an answer to our certified question, we reverse and remand.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). But "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [this] period of limitation." 28 U.S.C. § 2244(d)(2). "[W]e apply the AEDPA statute of limitations on a claim-by-claim basis." *Mardesich v. Cate*, 668 F.3d 1164, 1173 (9th Cir. 2012). We must determine how this statutory framework applies to California post-conviction proceedings.

In California, "[t]he Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings." *Robinson v. Lewis*, No. S228137, 2020 WL 4045925, at *4 (Cal. July 20, 2020) (quoting Cal. Const., art. VI, § 10). "Petitioners should first file a petition for a writ of habeas corpus challenging a judgment in the superior court that rendered the judgment." *Id.* at *5. To this end, "[a] higher court 'has discretion to deny without prejudice a

habeas corpus petition that was not filed first in a proper lower court.'" *Id.* (quoting *In re Steele*, 32 Cal. 4th 682, 692 (2004)). In non-capital cases, "if the superior court denies a petition for a writ of habeas corpus, the petitioner has no statutory right to appeal" and must instead "file a new, original petition, generally in the Court of Appeal." *Id.* at *4. "The new petition can add to or attempt to bolster the claims made in the earlier petition." *Id.*

In *Carey v. Saffold*, the Supreme Court considered this framework and concluded that "California's system functions in ways sufficiently like other state systems of collateral review to bring intervals between a lower court decision and a filing of a new petition in a higher court within the scope of the statutory word 'pending.'" 536 U.S. 214, 223 (2002). According to *Saffold*, "California applies a general 'reasonableness' standard" when determining timeliness, unlike other states, which "specify precise time limits, such as 30 or 45 days, within which an appeal must be taken." *Id.* at 222.

In a subsequent case addressing the same issue, *Evans v. Chavis*, the Court instructed lower courts to determine whether, under California law, a petitioner filed a new petition in a higher court within a "reasonable time." 546 U.S. 189, 193 (2006) (citing *Saffold*, 536 U.S. at 222–23). If so, "the days between (1) the time the lower state court reached the adverse decision, and (2) the day he filed a

petition in the higher state court" are "pending" for purposes of 28 U.S.C. § 2244(d)(2) and therefore "add[ed] to the 1-year time limit." *Id.* (citing *Saffold*, 536 U.S. at 222–23).

Because of the difficulty in determining what constitutes a "reasonable time" between a lower court's denial of a habeas petition and the filing of a new petition in a higher state court, *Chavis* suggested "certifying a question to the California Supreme Court in an appropriate case." *Id.* at 199 (citing *Saffold*, 536 U.S. at 226–27). The Court noted, however, that an unexplained delay of six months—"far longer than the 'short periods of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court"—would not "fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*." *Id.* at 201 (quoting *Saffold*, 536 U.S. at 219).

In this case, we were presented with the question whether "a habeas petition [is] untimely filed after an unexplained 66-day delay between the time a California trial court denies the petition and the time [a new] petition is filed in the California Court of Appeal." *Robinson v. Lewis*, 795 F.3d 926, 928 (9th Cir. 2015). Following the Supreme Court's guidance, *Chavis*, 546 U.S. at 199, we certified the question to the California Supreme Court, *Robinson*, 795 F.3d at 928. In response, the California Supreme Court explained that it does "not consider whether the

*petition* was timely but rather whether the *claims* presented within the petition were timely," and therefore it "consider[s] only the question of whether each of those claims was presented without substantial delay, as set forth in *In re Robbins*, 18 Cal. 4th 770, 780 (1998)." *Robinson*, 2020 WL 4045925, at *2.

*In re Robbins* held that a state prisoner's petition for collateral review is entitled to a presumption of timeliness if it is filed within 90 days after the filing of the petitioner's reply brief on a direct appeal. 18 Cal. 4th at 780. Without this presumption, a petitioner can still avoid the bar of untimeliness by establishing: (1) absence of substantial delay, (2) good cause for the delay, or (3) that the claim falls within an exception to the bar of untimeliness (e.g., the petitioner is actually innocent). *Id.* Because California petitioners should present a claim in a lower court before presenting it to a higher court, *Robinson*, 2020 WL 4045925, at *5, the time during which a claim is pending in a lower court is not counted against a petitioner when determining whether the petitioner substantially delayed in presenting the claim to a higher court, *see id.* at *2. But California courts do take into account "gap delay"—that is, "the time gap between the denial of a petition for a writ of habeas corpus in a lower California court and the filing of a new petition in a higher California court raising the same claims." *Id.* at *1. Although California courts "do not generally consider, separately, whether the gap delay, by

5

itself, made the claims raised in [a] petition untimely," the California Supreme Court "would never consider delay of up to 120 days between denial of a petition in the superior court and the filing of a new petition in the Court of Appeal . . . to be substantial delay." *Id.* at \*2.

Under *Saffold*, we must treat the California system "as *similar* to other States" because "its 'original writ' system functions like the 'appeal' systems of those other States." 536 U.S. at 225. As such, although California considers the timeliness of individual claims, a petitioner is reasonably diligent and "the ordinary state collateral review process is 'in continuance,'" *id.* at 219–20, so long as the petitioner does not substantially delay in pursuing a claim in a higher court after its denial in a lower court, *see Robinson*, 2020 WL 4045925, at \*1. Therefore, if a petitioner does not substantially delay in presenting a claim to a lower court, *see In re Robbins*, 18 Cal. 4th at 780, and, after the claim is denied, the petitioner presents the claim to a higher court within the 120-day safe harbor recognized by the California Supreme Court, *see Robinson*, 2020 WL 4045925, at \*9, there is no substantial delay and the "ordinary state collateral review process is 'in continuance,'" *Saffold*, 536 U.S. at 219–20.

Applying this understanding to the case at hand, the district court erred in dismissing Robinson's federal habeas petition as barred by AEDPA's one-year

limitations period, 28 U.S.C. § 2244(d)(1). After the California Superior Court denied Robinson's claims, Robinson filed a petition in the California Court of Appeal, presenting the same claims, within 66 days of the denial.[1] In light of the California Supreme Court's answer to our certified question, this 66-day interval is not a substantial delay. *See Robinson*, 2020 WL 4045925, at *9. Therefore, under *Saffold*, the "ordinary state collateral review process [was] 'in continuance,'" 536 U.S. at 219–20, and all of Robinson's claims are deemed to have been pending throughout the 66-day period. Therefore, the 66 days "shall not be counted" toward AEDPA's one-year limitations period. 28 U.S.C. § 2244(d)(2); *see Chavis*, 546 U.S. at 193; *Saffold*, 536 U.S. at 219–20. Because the limitations period was

---

[1] Because Robinson's new petition in the California Court of Appeal raised "no additional claims," this is not a case where a petition "containing multiple claims might have one or more claims that are untimely and one or more claims that are timely." *Robinson*, 2020 WL 4045925, at *6; *see also Mardesich*, 668 F.3d at 1173.

tolled for these 66 days, Robinson timely filed his federal habeas petition on March

13, 2013. *See Robinson*, 795 F.3d at 935.[2]

**REVERSED AND REMANDED**.[3]

---

[2] Because this is not a case where there was a delay "far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal," we leave for another day the question whether a non-substantial delay under California law could nevertheless be so long that it does not "fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*." *Evans*, 546 U.S. at 201 (citation omitted); *see also Robinson*, 2020 WL 4045925, at *9 (rejecting a six-month safe harbor as "unduly generous" because, among other reasons, "the United States Supreme Court observed that it did not 'see how an unexplained delay of this magnitude [six months] could fall within the scope of the federal statutory word 'pending'").

[3] Respondent's Unopposed Request to Withdraw Supplemental Brief (ECF No. 58) is **GRANTED**.